**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES       )
             )  CR 1-59
   v.         )  CV 16-1560

KENNETH ERWIN LYONS

**ORDER OF COURT**

In this action, on February 7, 2002, Judge Cohill sentenced Defendant to concurrent

terms of imprisonment of 180 months, followed by a five-year term of supervised release.

Judge Cohill denied Defendant's subsequent Motion pursuant to 28 U.S.C. 2255, by Order dated

June 11, 2007. Subsequently, pursuant to a Petition for Warrant or Summons for Offender

Under Supervision, an arrest warrant issued and was returned executed on May 6, 2015. The

matter was transferred to Judge Conti, who entered a judgment revoking Defendant's supervised

release. That judgment, entered on August 12, 2016, imposed concurrent sentenced of 24 and 36

months, to be served consecutively to the sentence imposed at Allegheny County Court of

Common Please docket no. CP-02-CR-15003-2015, and followed by two years of supervised

release.

Defendant then filed a Section 2255 Motion, on grounds that the Bureau of Prisons was

refusing to recognize those sentences as concurrent, rather than consecutive. The Government

opposed Defendant's Motion, contending that Section 2241, and not Section 2255, is the

appropriate vehicle for Defendant's argument. In the interim, Defendant filed a Motion to

Reduce Sentence pursuant to U.S.S.C. Amendment § 3582(c)(2), which Judge Conti denied.

The matter was then transferred to my docket.

The Bureau of Prisons Locator service indicates that Defendant was released from federal custody on December 29, 2017.   At this point, it appears that Defendant's Motion would constitute an impermissible second or successive petition under Section 2255(h), or that it is one properly brought instead pursuant to 28 U.S.C. § 2241 (in which case, I would assess whether to consider the Motion as such, and whether it was brought in the appropriate forum).   More immediately, however, given the grounds for Defendant's Motion and his release from federal custody, his Motion challenging the manner in which the BOP intended to execute his sentence appears to be moot. Defendant's Section 2255 Motion will be denied accordingly.

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  No certificate of appealability shall issue in this matter.

AND NOW, this 18th day of January, 2018, IT IS SO ORDERED.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court